1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | CASE NO. 07CR 1407 WQH |
| 12                                   Plaintiff, | 07CR 1408 WQH |
| 13          vs. | ORDER RE: COUNSEL |
| 14  JULIO LUA-CHAVEZ, and GERARDO CASANOVA, | |
| 15                                   Defendants. | |

16
17  HAYES, Judge:

18          The matter before the Court is the representation of Defendant Julio Lua-Chavez by

19  attorney Adam Ruben.

20                                     **FACTS**

21          On May 31, 2007, the grand jury returned an indictment in 07CR1407 against

22  Defendants Julio Lua-Chavez, Gerardo Casanova, and others charging Conspiracy to Import

23  Methamphetamine and Conspiracy to Distribute Methamphetamine.

24          On May 31, 2007, the grand jury returned an indictment in 07CR1408 against

25  Defendants Julio Lua-Chavez, Gerardo Casanova, and others charging in part Conspiracy to

26  Import Methamphetamine and Conspiracy to Distribute Methamphetamine.

27          Defendant Julio Lua-Chavez is represented by retained counsel Adam Ruben in both

28  07CR1407 and 07CR1408.

On August 24, 2007, all counsel appeared before the Court for a status hearing regarding discovery.  At this hearing, Adam Ruben, counsel for Defendant Lua-Chavez, informed the Court that he had previously represented Defendant Casanova in a prior case. The Court requested briefing on any potential conflict of interest.

On September 7, 2007, Defendant Lua-Chavez filed "Defendant's Memorandum Regarding Waiver of Conflict of Interest" which stated as follows:

> 1.  Prior Representation of Gerrardo (sic) Casanova
> Counsel's representation of Mr. Casanova consisted of filing a petition for remission or mitigation arising from the seizure from Mr. Casanova of $60,000.00.  On September 2, 2006, Mr. Casanova's car was stopped and the currency was seized.  Mr. Casanova retained defense counsel to show the currency was from a legitimate source.
> On January 30, 2007, U.S. Customs and Border Protection denied Mr. Casanova's claim.  A supplemental petition was filed on March 2, 2007.  On March 22, 2007, defense counsel received a letter from the U.S. Customs and Border Protection that the supplemental had been referred to the National Seizures and Penalties Officer for consideration.
> There was no information in the petitions that would have indicated any relation to or mention of Julio Lua-Chavez.  There was no information to indicate that there was any potential conflict of interest between Mr. Casanova and Julio Lua-Chavez.
> 2.  Current Representation of Julio Lua-Chavez
> In the complaint in case 07 Cr 1407-WQH, there is specific reference to Julio Lua-Chavez and Mr. Casanova.  Neither referenced name in the description refers to the other.  Further, there is no information that either man knows of the other.  There has been no information provided in discovery that either defendant had anything to do with each other.
> In the present case, counsel for Julio Lua-Chavez represents to the Court that no existing set of circumstances operate to bar counsel from performing his duty.

(07CR1407 WQH Doc. # 47 at 2.)  The Declaration of Counsel attached to Defendant's memorandum stated in part "ADAM M. RUBEN declares as follows: . . . I have previously represented Gerardo Casanova in an unrelated civil matter of forfeiture.  I have explained to Julio Lua-Chavez the potential conflict.  There is no conflict of interest in my representation of the defendant in this matter."  (07CR1407 WQH Doc. # 47-2 at 1).

On September 14, 2007, Defendant Casanova filed "Defendant Gerardo Casanova's Brief on Counsel's Conflict of Interest" which stated as follows:

> Prior to the filing of the indictment in this case defendant, Gerardo Casanova, was stopped at the U.S. Mexico border by U.S. Customs agents who searched Mr. Casanova's vehicle and seized $60,000 in cash.
> The government started forfeiture proceedings against the $60,000 and Mr. Casanova hired Mr. Adam Ruben to represent him in those proceedings.
> The $60,000 is alleged by the government to be the proceeds of illegal drug

1    trafficing (sic) attributable to Mr. Casanova and his alleged co-conspirators.  Mr.
     Ruben's current client, Julio Lua-Chavez is one of those co-conspirators.

2    An issue may very well arise as to the ownership and source of the $60,000 from
     Mr. Casanova.  If so, Mr. Ruben could have a conflict of interest as he will not
3    be able to question his former client, Mr. Casanova, about the $60,000 and
     likewise, Mr. Casanova may be inhibited from testifying in his own defense
4    knowing that Mr. Ruben may have confidential information about him or the
     source of the $60,000.

5    As such it appears Mr. Ruben has a conflict of interest in this case.

6    (07CR1407 WQH Doc. # 50 at 2).

7          On September 21, 2007, the Court held a hearing regarding any conflict of interest.

8    The Court set a further status conference for October 19, 2007 and ordered that further

9    pleadings regarding any conflict of interest shall be filed by October 5, 2007.  (07CR1408

10   WQH Doc. # 173).  No further pleadings were filed.

11         On October 19, 2007, the Court held a further hearing regarding any conflict of interest.

12   Defendant Casanova presented to the Court a conditional "Waiver of Conflict of Interest" in

13   07CR1407 and in 07CR1408 signed by Defendant Casanova which stated as follows:

14         I, GERARDO CASANOVA, previously retained attorney Adam M. Ruben to
           represent me in a forfeiture proceeding.  I am aware that attorney Adam M.
15         Ruben currently represents co-defendant Julio Lua Chavez in cases 07 CR 1407
           and 07 CR 1408.

16         I have been advised that attorney Ruben would have a conflict of interest should
           I decide to go to trial in cases 07 CR 1407 and 07 CR 1408 and Mr. Ruben's
17         current client, Julio Lua-Chavez, be called to testify as a witness against me.
           Likewise, I understand that a conflict of interest would arise for Mr. Ruben
18         should Mr. Lua-Chavez decide to go to trial in cases 07 CR 1407 and 07 CR
           1408 and I be called as a witness.  I have been advised that Mr. Lua-Chavez has
19         decided to plead guilty in both cases 07 CR 1407 and 07 CR 1408, pursuant to
           a plea agreement.

20         In light of Mr. Lua-Chavez's decision to plead guilty in cases 07 CR 1407 and
           07 CR 1408 and his decision to waive his right to trial, I hereby waive my right
21         to have Mr. Ruben disqualified and removed as an attorney of record from cases
           07 CR 1407 and 07 CR 1408.

22

23   (07CR1407 WQH Doc. # 54) (07CR1408 WQH Doc # 187).  Counsel for Casanova confirmed

24   to the Court at the hearing that there is a actual conflict of interest and that Defendant

25   Casanova was prepared to waive the conflict of interest after Defendant Lua-Chavez enters a

26   plea of guilty.

27         Ruben, counsel for Defendant Lua-Chavez, informed the Court that he had advised his

28   client to waive any conflict and that Defendant Lua-Chavez was prepared to sign a waiver of
     any conflict of interest.  Ruben continued to maintain that there was no conflict of interest and

1   informed the Court that Defendant Lua-Chavez would plead guilty in the near future.  At the

2   conclusion of the hearing, Ruben presented to the Court a "Waiver of Conflict" in 07CR1407

3   and in 07CR1408 signed by Defendant Lua-Chavez which stated as follows:

> I, Julio Lua-Chavez, am aware that my attorney, Adam M. Ruben, in cases 07 cr 1407 and 1408, had previously represented my co-defendant, Gerardo Casanova, in a forfeiture proceeding.  I hereby waive any conflict that may arise from that previous or current representation.

(07CR1407 WQH Doc. #55) (07CR1408 WQH Doc. # 188).

       Counsel for the Government stated at the hearing that it is the Government's position

that based upon the facts of the case, Ruben, counsel for Lua-Chavez, has a conflict of interest

and that the Government was not sure whether the conditional waiver by Defendant Casanova

would be adequate to assure proper representation of both Defendants in this case.  The Court

allowed all parties an opportunity to file further briefs addressing the adequacy of the waivers

filed by Defendants.  (07CR1408 WQH Doc. # 189).

       On October 29, 2007, the Government filed a "Supplemental Brief Concerning Conflict

of Interest" in which the Government restated its position that "a conflict of interest exists in

this case" and concluded that representation would not be constitutionally adequate absent a

full waiver of conflicts by both Defendant Lua-Chavez and Defendant Casanova. (Doc. # 190

at 2).  The Government asserted that there is no precedent for the conditional waiver presented

by Defendant Casanova and that a conflict of interest still exists.  No further pleadings were

filed on behalf of Defendant Lua-Chavez or Defendant Casanova.

## ANALYSIS

       The Sixth Amendment "guarantees each criminal defendant the right to assistance of

counsel 'unhindered by a conflict of interest.'"  *United States v. Elliot*, 444 F.3d 1187, 1193

(9th Cir. 2006).  A conflict of interest can arise in cases of simultaneous or successive

representation.  *Id.  See also United States v. Christakis*, 238 F.3d 1164 (9th Cir. 2001)

(defense counsel represents conflicting interests when one client possesses information that he

could use to implicate the other client in exchange for a reduced sentence); *United States v.

Stites*, 56 F.3d 1020, 1023 (9th Cir. 1995) (an actual conflict exists where attorney represented

co-defendant who had pleaded guilty and seeks to represent defendant in same case).  A

07cr1407; 07cr1408

defendant may not "insist on the counsel of an attorney who has a previous or ongoing relationship with an opposing party. . . ." *Wheat v. United States*, 486 U.S. 486 U.S. 153, 159 (1988).

"[T]he right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment. . ." *Id*.  "The presumption is that a criminal defendant may have counsel of his choice if he can pay for it and counsel is willing. The presumption, however, may be overcome by even 'a showing of a serious potential for conflict.'" *United States v. Stites*, 56 F.3d 1020, 1024 (9th Cir. 1995) quoting *Wheat*, 486 U.S. at 164 (citations omitted). The facts  before this Court like the facts in *Wheat*, involve balancing "two Sixth Amendment rights: (1) the qualified right to be represented by counsel of one's choice, and (2) the right to a defense conducted by an attorney who is free of conflicts of interest." 486 U.S. at 157.  The Supreme Court in *Wheat* explained that a criminal defendant's presumptive right to his counsel of choice may be overcome by the court's "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.  Not only the interest of a criminal defendant but the institutional interest in the rendition of just verdicts in criminal cases may be jeopardized by unregulated multiple representation." *Id*. at 160.  The Supreme Court concluded in *Wheat* that "[t]he District Court must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Id.* at 164.

In the case before this Court, Ruben, counsel for Defendant Lua-Chavez, represented Defendant Casanova in a civil matter that involved the seizure of moneys described by the Government as "drug proceeds being smuggled into Mexico by Casanova on behalf of the Andres Chavez-Chavez drug trafficking group." (Doc. # 190 at 2).  While Ruben asserts that his prior representation of Defendant Casanova was "in an unrelated civil matter of forfeiture," Defendant Casanova and the Government describe the matter in the prior representation as directly associated with the charges of illegal activities in 07CR1407 and 07CR1408.  The Court concludes that the record in the case demonstrates that Ruben has an actual conflict of

1 interest or a serious potential for conflict of interest in continuing to represent Defendant Lua-
2 Chavez having represented a co-defendant in a prior matter directly related to the charges of
3 illegal activity in 07CR1407 and 07CR1408 .

4     The Court may allow an attorney to proceed despite a conflict "if the defendant makes
5 a voluntary, knowing, and intelligent waiver." *United States v. Martinez*, 143 F.3d 1266, 1269
6 (9th Cir. 1998);  *See Edwards v. Arizona*, 451 U.S. 477, 482 (1981).  For a waiver to be
7 knowing and intelligent, the defendant must have been "sufficiently informed of the
8 consequences of his choice." *Evans v. Raines* , 705 F.2d 1479, 1480 (9th Cir. 1983).

9     The Court has reviewed the record including the waivers and cannot find that the waiver
10 by Defendant Lua-Chavez is a knowing and intelligent waiver.  Defendant Lua Chavez could
11 claim at a future time that the advice of his defense counsel to waive any conflict was based
12 upon the representation that defense counsel represented Defendant Casanova "in a unrelated
13 civil matter of forfeiture" and that his decision to waive the conflict was not fully informed.
14 (07CR1407 WQH Doc. # 47-2 at 1).  Defendant Lua Chavez could claim at a future time that
15 defense counsel's loyalties were divided between representing him and his concern for his
16 former client.   Defendant Lua Chavez could claim at a future time that defense counsel's
17 advice to enter a plea of guilty was influenced by his concern over the asserted conflict of
18 interest and not solely based upon the best interest of his current client.

19     The Court further concludes the waiver by Defendant Casanova conditioned on a the
20 future entry of a plea of guilty by his co-defendant is not adequate to protect the Sixth
21 Amendment rights of both defendants in this case.  A valid waiver must be knowingly and
22 voluntarily made. *United States v. Martinez*, 143 F.3d at 1269.  Whether a defendant has made
23 a valid waiver of Sixth Amendment rights depends "upon the particular facts and
24 circumstances surrounding that case, including the background, experience and conduct of the
25 accused." *Edwards v. Arizona*, 451 U.S. 477, 482 (1981).  In making such a determination the
26 court must "indulge every reasonable presumption against the waiver of fundamental rights."
27 *U.S. v. Allen*, 831 F.2d 1487, 1498 (9th Cir. 1987) (citation omitted).  In this case, the record
28 does not establish that both Defendants were fully aware of their interests, their options, or

their right to seek outside counsel. The waiver by Defendant Casanova conditioned upon the entry of a guilty plea by Defendant Lua-Chavez pits the fundamental rights of these Defendants against each other and does not allow the Court to assure constitutionally adequate representation to both Defendants.

This Court has an independent duty to ensure that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them. In this case, the record establishes an actual conflict of interest or, at minimum, a serious potential for a conflict which could adversely affect the interests of both Defendants in conflict free representation and the waivers filed in this record are not adequate to assure constitutionally adequate representation to both Defendants.

## CONCLUSION

The Court concludes that attorney Ruben has a conflict of interest which has not been effectively waived by the Defendants and cannot continue to represent Defendant Lua-Chavez in this matter. The Court will schedule a status hearing regarding counsel for Defendant Lua-Chavez on November 26, 2007 at 2 p.m.

DATED: November 14, 2007

**WILLIAM Q. HAYES**
United States District Judge

07cr1407; 07cr1408